UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NAMEL NORRIS,

                Plaintiff,                Case No. 1:21-cv-6288

    - against -                            ANSWER

CYNTHIA ROWLEY, INC., a New York
Corporation, d/b/a CYNTHIA ROWLEY and
376 BLEECKER STREET LLC,
A New York limited liability company,

                Defendants.
-------------------------------------------------------------X

       Defendants Cynthia Rowley, Inc. and 376 Bleecker Street LLC (collectively referred to herein as "Defendants"), by its attorneys, Rex Whitehorn & Associates, P.C., as and for its Answer to Plaintiff's Complaint dated July 23, 2021 (hereinafter "Complaint"), states the following:

1. Defendants neither admit or deny the allegations contained in paragraph 1 of the Complaint as it contains conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contain in paragraph 1 of the Complaint and refers the Court to reference statutes for legal authority.

2. Defendants neither admit or deny the allegations contained in paragraph 2 of the Complaint as it contains conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contain in paragraph 1 of the Complaint and refers the Court to reference statutes for legal authority.

3. Defendants neither admit or deny the allegations contained in paragraph 3 of the Complaint as it contains conclusions of law to which no response is required. To the extent a response

is deemed necessary, Defendants deny the allegations contain in paragraph 3 of the Complaint and refers the Court to reference statutes for legal authority.

4. Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint.

5. Defendants deny the truth of the allegations contained in paragraph 5 of the Complaint.

6. Defendants deny the truth of the allegations contained in paragraph 6 of the Complaint.

## **COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

7. Defendants neither admit or deny the allegations contained in paragraph 7 of the Complaint as it contains conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contain in paragraph 7 of the Complaint and refers the Court to reference statutes for legal authority.

8. Defendants neither admit or deny the allegations contained in paragraph 8 of the Complaint as it contains conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contain in paragraph 8 of the Complaint and refers the Court to reference statutes for legal authority.

9. Defendants neither admit or deny the allegations contained in paragraph 9 of the Complaint as it contains conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contain in paragraph 9 of the Complaint and refers the Court to reference statutes for legal authority.

10. Defendants deny the truth of the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the truth of the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the truth of the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the truth of the allegations contained in paragraph 14 of the Complaint.

15. Defendants neither admit or deny the allegations contained in paragraph 15 of the Complaint as it contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contain in paragraph 15 of the Complaint and refers the Court to reference statutes for legal authority.

16. Defendants deny the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the truth of the allegations contained in paragraph 18 of the Complaint.

19. Defendants neither admit or deny the allegations contained in paragraph 19 of the Complaint as it contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contain in paragraph 19 of the Complaint and refers the Court to reference statutes for legal authority.

20. Defendants neither admit or deny the allegations contained in paragraph 20 of the Complaint as it contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contain in paragraph 20 of the Complaint and refers the Court to reference statutes for legal authority.

**COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

21. Defendants neither admit or deny the allegations contained in paragraph 21 of the Complaint as it contains conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contain in paragraph 21 of the Complaint and refers the Court to reference statutes for legal authority.

22. Defendants deny the truth of the allegations contained in paragraph 22 of the Complaint.

23. Defendants repeat and reiterate each of the responses herein as if more fully set forth herein as to the allegations contained in paragraph 23 of the Complaint.

### COUNT III – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

24. Defendants neither admit or deny the allegations contained in paragraph 24 of the Complaint as it contains conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contain in paragraph 24 of the Complaint and refers the Court to reference statutes for legal authority.

25. Defendants deny the truth of the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the truth of the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the truth of the allegations contained in paragraph 27 of the Complaint.

28. Defendants repeat and reiterate each of the responses herein as if more fully set forth herein as to the allegations contained in paragraph 28 of the Complaint.

### COUNT IV – VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK

29. Defendants deny the truth of the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the truth of the allegations contained in paragraph 30 of the Complaint.

31. Defendants neither admit or deny the allegations contained in paragraph 31 of the Complaint as it contains conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contain in paragraph 31 of the Complaint and refers the Court to reference statutes for legal authority.

32. Defendants neither admit or deny the allegations contained in paragraph 32 of the Complaint as it contains conclusions of law to which no response is required. To the extent a response

is deemed necessary, Defendants deny the allegations contain in paragraph 32 of the Complaint and refers the Court to reference statutes for legal authority.

33. Defendants deny the truth of the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the truth of the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the truth of the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the truth of the allegations contained in paragraph 36 of the Complaint.

37. Defendants repeat and reiterate each of the responses herein as if more fully set forth herein as to the allegations contained in paragraph 37 of the Complaint.

## ATTORNEYS' FEES AND COSTS

38. Defendants deny the truth of the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the truth of the allegations contained in paragraph 39 of the Complaint.

## DAMAGES

40. Defendants deny the truth of the allegations contained in paragraph 40 of the Complaint.

## INJUNCTIVE RELIEF

41. Defendants deny the truth of the allegations contained in paragraph 41 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

42. The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

43. Plaintiff has suffered no economic loss and/or failed to mitigate his alleged damages, entitlement to which is specifically denied.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

44. Any emotional distress suffered by Plaintiff was not caused by Defendants or any of their agents.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

45. The Complaint fails to state a claim upon which an award of punitive damages can be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

46. The Complaint fails to state a claim upon which an award of attorneys' fees can be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

47. Plaintiff has not been denied the full and safe access to all of the benefits, accommodations, and services of the subject facility.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

48. Plaintiff failed to provide any notice of alleged violations prior to commencing this action and Defendants did not have any actual or constructive notice regarding any accessibility issues at 394 Bleecker Street in New York County, New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

49. Any action taken that allegedly adversely affected Plaintiff was taken in good faith and for legitimate business reasons.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred, in whole or in part, by the doctrine of the law of the case.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and/or estoppel.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

53. Some or all of the relief requested by Plaintiff is not available under the applicable statutes and causes of action.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

54. There are no barriers to accessibility at the facility at issue. Assuming, arguendo, that any barriers as alleged do exist, their removal is not readily achievable in whole or in part and/or they do not materially affect the usability of goods, facilities and services of Defendants' facility and are within construction tolerances.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

55. Assuming, arguendo, that the ADA Accessibility Guidelines are deemed relevant in this case, any deviations from those guidelines are de minimis and within construction tolerances and do not materially affect the usability of the features in question.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

56. All actions taken with regard to the design and construction at the facility were taken in good faith and for legitimate, lawful business reasons and/or predate the passage of the ADA and may not be a basis for liability.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

57. Some or all of the physical items alleged by Plaintiff are not architectural barriers to access and do not prevent the enjoyment of the goods and services of the subject facility.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

58. Defendants have provided equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy the goods, facilities and services at the property.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

59. Upon information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff may not have been a bona fide patron at the facility, but visited it, if at all, for purposes of instituting the instant litigation.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred, in whole or in part, to the extent that he is not a qualified individual with a disability entitled to relief within the meaning of the statutes upon which he bases his claims.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred because Defendants did not discriminate against Plaintiff or deny him a full and equal opportunity to enjoy the goods and services provided at 394 Bleecker Street, in New York County, New York on the basis of an alleged disability.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

62. Plaintiff's alleged injuries and/or damages, if any, were not causes by any act or omission of Defendants.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

63. Many, if not all, of the conditions alleged to violate the ADA, the New York State Human Rights law, and/or the New York City Human Rights Law no longer exist, and therefore, Plaintiff's claims for relief are moot.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

64. Plaintiff is not entitled to the recovery of attorneys' fees for moot claims under *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001).

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

65. Plaintiff's claims are barred, in whole or in part, because the design and construction of the facility preceded the enactment of the ADA.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

66. Defendants reserve the right to assert additional defenses with regard to some or all of Plaintiff's claims.

$\pm$

WHEREFORE, Defendants demand judgment against Plaintiff as follows:

i.  Dismissing the Complaint with prejudice;

ii. Awarding Defendants costs, interest, expert, and attorneys' fees;

iii. Awarding Defendants such other and further relief as this Court deems just, proper, and equitable.

Dated: December 7, 2021

REX WHITEHORN & ASSOCIATES, P.C.

_____
By: Rex Whitehorn, Esq.
*Attorneys for Defendants*
1077 Northern Boulevard
West Wing, Suite 1
Roslyn, New York 11576
RW@RWassociatespc.com
Tel.: (516) 829-5000

To: The Weitz Law Firm, P.A.
    Bank of America Building
    18305 Biscayne Blvd., Suite 214
    Aventura, Florida 33160
    Via ECF Filing